# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVEN MENZIES, <br><br> Plaintiff, <br><br> v. <br><br> NORTHERN TRUST CORPORATION, et al. <br><br> Defendants. | Case No. 15-cv-3403 <br><br> Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

This case comes back to this Court upon remand of Plaintiff Steven Menzies' state-law claims against the remaining Defendants, Northern Trust Corporation and Christiana Bank & Trust Company. Christiana has now moved to dismiss the state-law claims based upon Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim. [242]. Plaintiff opposes the motion and moves, in the alternative, that if this Court finds it lacks personal jurisdiction over Christiana, it should transfer this case to the District of Delaware. For the reasons explained below, this Court grants Christiana's motion [242] because it lacks personal jurisdiction over Christiana, but agrees with Plaintiff that the record warrants transferring, rather than dismissing, his claims.

I.  **Background**

   A.  **Procedural History**

In April 2015, Plaintiff filed suit in this Court against Defendants Seyfarth Shaw LLP, Graham Taylor, Northern Trust, and Christiana under the Racketeer Influenced and Corrupt Organizations Act (RICO) and Illinois state law. [1]. Defendants all moved to dismiss the original complaint. In particular, Christiana argued, among other things, that Plaintiff had released all the claims against it, and that this Court lacked personal jurisdiction over it if the RICO claims fell. [28]. This Court dismissed the original RICO claims without prejudice, but allowed Plaintiff to amend the complaint and to conduct discovery. [57]. This Court did not reach Christiana's personal jurisdiction arguments at that time. *Id.*

Plaintiff then amended his complaint twice, and Defendants again moved to dismiss. Once more, Christiana argued that that Plaintiff's non-RICO claims should be dismissed for lack of personal jurisdiction if the RICO claims fail. [178]. Upon consideration, this Court dismissed the second amended complaint with prejudice, finding that Plaintiff's RICO claims remained legally deficient, and that his state-law claims remained barred under the state statute of repose. [231]. Again, this Court did not reach the merits of Christiana's personal jurisdiction arguments. *Id.*

Plaintiff subsequently appealed the dismissal of his claims. After briefing and oral argument, the Seventh Circuit affirmed this Court's analysis and dismissal of the RICO claims, but vacated this Court's finding that the Illinois Securities Law barred Plaintiff's state-law claims. *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 344,

345 (7th Cir. 2019). The Seventh Circuit also dismissed Defendants Taylor and Seyfarth, finding Plaintiff's state-law claims against them barred by Illinois' two-year statute of limitations concerning attorney misconduct. *Id.* at 346. The court of appeals then remanded the case back to this Court with instructions to retain subject matter jurisdiction over the remaining state-law claims against Christiana and Northern Trust, but did not address Christiana's arguments concerning personal jurisdiction. *See generally id.*

After Plaintiff unsuccessfully petitioned for rehearing and rehearing en banc before the Seventh Circuit and for a writ of certiorari before the Supreme Court, *id.* at 328; *Menzies v. Seyfarth Shaw LLP*, 140 S. Ct. 2674 (2020), the case has returned to this Court on remand. Christiana now moves to dismiss the remaining state-law claims against it, based in part upon a lack of personal jurisdiction. [242].

### B.    The Second Amended Complaint's Allegations

This Court presumes familiarity with, and incorporates by reference, both of its prior opinions, and the Seventh Circuit's opinion, discussing the Plaintiff's allegations. [57]; [231]; *Menzies*, 943 F.3d 328. As such, this Court only briefly revisits the allegations of the second amended complaint to the degree they remain relevant to Christiana's current motion.

Plaintiff co-founded and serves as president of an insurance company. *Menzies*, 943 F.3d at 332. In 2002, advisers from Northern Trust approached him to begin a financial planning relationship, pitching a tax planning strategy designed to shield capital gains on major stock sales from federal tax liability. *Id.* Northern

3

Trust guided Plaintiff through a series of transactions that, through substitution of various assets and operation of trusts, created an artificial tax loss used to offset capital gains he realized upon later selling stock. *Id.* at 333.

Unfortunately for Plaintiff, the IRS later deemed this strategy an illegal tax shelter and determined that Plaintiff failed to report about $44 million of capital gains from the sale of stock. *Id.* Facing large fines and legal action, Plaintiff settled with the IRS in October 2013, agreeing to pay over $10 million in back taxes, penalties, and interest. *Id.* Plaintiff claims that other Defendants had roles in implementing this tax shelter: relevant here, Christiana served as trustee for some of the trusts. *Id.* According to Plaintiff, Christiana became involved when Northern Trust advised him to engage Christiana as trustee. [165] at ¶ 51.

Plaintiff claims he is an unwitting victim of Defendants' illegal tax scheme and sues to redress his alleged injuries. *Id.* at ¶ 1. As the RICO claims have fallen away, Plaintiff now maintains only state-law claims against Christiana for: fraudulent misrepresentation (Count III); civil conspiracy (Count IV); joint enterprise liability (Count V); negligent misrepresentation (Count VI); breach of fiduciary duty (Count VIII); and unjust enrichment (Count IX). [165] at ¶¶ 220–50, 257–66.

### C. Jurisdictional Facts

Christiana has moved to dismiss in part for lack of personal jurisdiction. In support of its jurisdictional arguments, Christiana submits the declaration of its Senior Vice President and General Counsel, John Olsen. [243-1].

In that declaration, Olsen states that Christiana is a federally chartered

savings association headquartered in Delaware that maintains no physical presence—no real estate or offices, no physical assets or bank accounts—in Illinois. *Id.* at ¶¶ 2–3.  Olsen also attests that Christiana does not maintain a mailing address or telephone listing in Illinois, does not have a designated agent for service of process in Illinois, and does not target or direct commercial activity to Illinois customers.  *Id.* at ¶¶ 5–7.  And as to the role it played in Plaintiff's tax plan, Olsen states that in 2003, "Christiana was engaged to create trusts" on behalf of Plaintiff, and then "acted as trustee of three trusts."  *Id.* at ¶¶ 8–9.  According to Olsen, Christiana had no contact with any individual or company in Illinois, including Plaintiff (a Nebraska citizen), in conjunction with its work.  *Id.* at ¶¶ 8, 10.

Plaintiff opposes the motion. [248].

## II.  Legal Standard

A motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) tests whether this Court has the "power to bring a person into its adjudicative process." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014) (quotation omitted). A plaintiff need not allege facts concerning personal jurisdiction in his complaint, but "once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)).

When a court rules on a Rule 12(b)(2) motion based upon written submissions

without holding an evidentiary hearing, the plaintiff need only establish a prima facie case of personal jurisdiction. *Id.* at 392–93; *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). Where, as here, a defendant submits an affidavit regarding personal jurisdiction, this Court accepts as true any facts in the affidavit that do not conflict with the complaint or the plaintiff's submissions. *Curry*, 949 F.3d at 393. Further, where a defendant challenges by declaration a fact alleged in the plaintiff's complaint, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Purdue Research Foundation*, 338 F.3d at 783. If the plaintiff "fails to refute a fact contained in the defendant's affidavit, that fact is accepted as true." *Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, No. 18-CV-08261, 2020 WL 1530749, at *2 (N.D. Ill. Mar. 31, 2020); *United Airlines, Inc. v. Zaman*, 152 F. Supp. 3d 1041, 1045 (N.D. Ill. 2015).

### III. Analysis

Christiana has moved to dismiss on the merits and for lack of personal jurisdiction. As a threshold issue, the question of personal jurisdiction comes first in this Court's analysis.

#### A. Personal Jurisdiction

This Court, sitting in Illinois, may exercise jurisdiction over Christiana only if authorized both by the United States Constitution and, as applicable, Illinois law. *J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*, 965 F.3d 571, 575 (7th Cir. 2020); *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). Because the Illinois long-arm statute permits courts to exercise jurisdiction to the full extent permitted

by the United States Constitution, the statutory and federal constitutional inquiries merge. *J.S.T. Corp.*, 965 F.3d at 575.

Personal jurisdiction takes two forms: general jurisdiction, which applies only when the party's affiliations with Illinois "are so constant and pervasive 'as to render [it] essentially at home" here, *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); and specific jurisdiction, which remains "case-specific" and exists where the defendant has "purposefully directed" its activities at residents of the forum state and where the plaintiff's claim is "linked to the [defendant's] activities or contacts with" Illinois, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985); *Kipp v. Ski Enterprise Corp. of Wisconsin, Inc.*, 783 F.3d 695, 698 (7th Cir. 2015). With these standards in mind, this Court turns now to the facts of the case.

### 1. General Jurisdiction

The Supreme Court has identified only two places where a corporation easily qualifies as "at home": (1) the state of its incorporation; and (2) the state where it maintains its principal place of business. *Daimler*, 571 U.S. at 139. Any additional bases for general jurisdiction "would have to meet the stringent criteria laid out in *Goodyear* and *Daimler*," which "require more than the substantial, continuous, and systematic course of business that was once thought to suffice." *Kipp*, 783 F.3d at 698 (citation and internal quotation marks omitted).

Plaintiff does not attempt to establish a *prima facie* case for general jurisdiction. Nor could he, as Christiana is incorporated and headquartered in

Delaware, and Christiana's unrebutted evidence demonstrates that Christiana lacks any physical presence in Illinois. This Court cannot exercise general personal jurisdiction based upon this record. *See Daimler*, 571 U.S. at 122, 137 (holding that general jurisdiction exists only where a defendant corporation is incorporated or headquartered or where its contacts are so "constant and pervasive" as to render it essentially "at home").

### 2. Specific Jurisdiction

Specific personal jurisdiction, unlike general personal jurisdiction, focuses upon whether the defendant purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state. *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019). In assessing specific personal jurisdiction, courts ask whether the plaintiff has demonstrated that a defendant made "deliberate contact" with Illinois itself. *Id.* at 879 (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

Here, Plaintiff falls short of this showing: He does not allege any facts suggesting that Christiana made deliberate contact with Illinois, nor any communications between Christiana and the other Illinois-based companies, Seyfarth and co-Defendant Northern Trust. He does not even claim that he (a Nebraska citizen) and Christiana met or otherwise communicated in Illinois about the trusts. Unsurprisingly, Olsen's unrebutted declaration on behalf of Christiana confirms that Christiana had no contact with anyone in Illinois in conjunction with its role as trustee. [243-1] at ¶¶ 8, 10. Given the lack of contacts between Christiana

and Illinois, this Court cannot, consistent with the Constitution, exercise specific personal jurisdiction over Christiana. *See Lexington Ins.*, 938 F.3d at 879; *see also Matlin*, 921 F.3d at 706.

Notwithstanding, Plaintiff attempts to salvage his claims against Christiana by invoking the "conspiracy theory" of personal jurisdiction, which posits that a court can exercise personal jurisdiction over an out-of-state defendant if one of the defendant's co-conspirators "has acted as the defendant's agent in furtherance of the conspiracy." *Smith v. Jefferson Cty. Bd. of Educ.*, 378 F. App'x 582, 585 (7th Cir. 2010). Problematically for Plaintiff, however, the Seventh Circuit has questioned the viability of this theory in Illinois. *Id.*; *see also Ritchie Capital Mgmt., LLC v. Costco Wholesale Corp.*, No. 17 C 4949, 2018 WL 1565593, at *6 (N.D. Ill. Mar. 30, 2018) ("Illinois courts do not recognize conspiracy participation as a basis for long-arm jurisdiction"); *Bovinett v. HomeAdvisor, Inc.*, No. 17 C 6229, 2018 WL 1234963, at *3 (N.D. Ill. Mar. 9, 2018) ("The conspiracy hook will not work here, as the Seventh Circuit has disclaimed it under Illinois law."); *Hang Glide USA, LLC v. Coastal Aviation Maint., LLC*, No. 16 C 6905, 2017 WL 1430617, at *3 (N.D. Ill. Apr. 18, 2017) (noting that the "Court of Appeals has dashed cold water on the prospect of a 'conspiracy theory of personal jurisdiction' under Illinois law").

More problematic, even if it were viable, the theory "would not permit a plaintiff to draw a defendant into court in Illinois simply by alleging a conspiracy that includes some Illinois defendants and some out-of-state defendants, while making no effort to connect the two." *Smith*, 378 F. App'x at 586. After all, there "is no shortcut,

9

and there is no substitute," for the personal jurisdiction analysis: If a "conspirator's actions were purposefully aimed at the forum, then jurisdiction is present. If not, assertion of jurisdiction would be unconstitutional." *Ploense v. Electrolux Home Prods., Inc.*, 882 N.E.2d 653, 668 (Ill App. Ct. 2007); *see also Knaus v. Guidry*, 906 N.E.2d 644, 662 (Ill. App. Ct. 2009) (holding that, to the extent viable, the conspiracy theory still requires "at the very least, an act purposefully directed at the forum state, such as conduct designed to create an injury in that state"); *Orgone Capital III, LLC v. Daubenspeck*, No. 16 C 10849, 2017 WL 3087730, at *5 (N.D. Ill. July 20, 2017) (ruling that the mere fact of being accused of conspiring with another entity in Illinois "is, alone, insufficient for jurisdiction," and that the plaintiff must show that the defendant "otherwise directed [its] activities" to Illinois).

In light of the above, the conspiracy theory does not save Plaintiff's claims against Christiana. As discussed, the record contains no indication that Christiana had any contact at all with any entity or person in Illinois in conjunction with the transactions at issue; and the allegation that it conspired with Northern Trust (a company headquartered in Illinois) does not satisfy the constitutional demands of due process. Plaintiff has thus failed to demonstrate a *prima facie* case for personal jurisdiction against Christiana.

## B. Transfer

Obviously anticipating the possibility of this Court's dismissal of Christiana for lack of personal jurisdiction, Plaintiff has moved to transfer this case to the

District of Delaware pursuant to 28 U.S.C. § 1631 or 28 U.S.C. 1406(a). [249] at 18–19.

Under 28 U.S.C. § 1631, if the court finds jurisdiction lacking, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed." Similarly, 28 U.S.C. § 1406(a) provides that, where venue is improper, the "district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because the two statutes contain "identical language," *Granger v. Rauch*, 388 F. App'x 537, 541 (7th Cir. 2010), the "legal standard is the same under either statute" in that both ask whether transfer serves the interest of justice, *Murray v. Cirrus Design Corp.*, 339 F. Supp. 3d 783, 789 (N.D. Ill. 2018). This case meets the requirements for transfer under either statute.

First, this Court lacks personal jurisdiction over Christiana, triggering both statutes. *See Carpenter-Lenski v. Ramsey*, 210 F.3d 374 (7th Cir. 2000) (noting that both statutes permit transfer to cure want of jurisdiction).

Second, a transfer would further the interests of justice because Plaintiff's claims against Christiana would be time-barred if this Court dismisses them. [248] at 14; [249] at 9. The Seventh Circuit recognizes that a "compelling reason" for transfer occurs where a plaintiff's case, if dismissed, would be time-barred in the proper venue. *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999); *see also Granger*, 388 F. App'x at 541 (concluding that the district court erred by dismissing, rather

11

than transferring, the plaintiff's claims to "ensure that the claims would be deemed timely in the proper venue").

Christiana counters that this case warrants dismissal because Plaintiff has been on notice of the jurisdictional defects since Christiana first moved to dismiss in June 2015. [249] at 16. Christiana relies upon *Cote v. Wadel*, where the Seventh Circuit affirmed a Wisconsin district court's dismissal of a complaint for lack of personal jurisdiction, precluding the plaintiff from re-filing his suit in the proper venue based upon the applicable statute of limitations. 796 F.2d 981, 985 (7th Cir. 1986). But in *Cote*, the plaintiff's jurisdictional mistake "was elementary" in that the "only significant connection between the suit and Wisconsin [was] that the plaintiff lives there." *Id.* at 984. The Seventh Circuit concluded that dismissal constituted the "proper penalty for obvious mistakes" like the one the plaintiff made in that case. *Id.* at 985.

In contrast to *Cote*, Plaintiff did not make an "elementary mistake." He originally sued Christiana and its co-Defendants under the RICO Act, invoking this Court's federal question jurisdiction. In federal question cases, "a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). And here, the RICO Act authorizes nationwide service, 18 U.S.C. § 1965(b), so this Court initially properly exercised personal jurisdiction over Christiana on the RICO counts, as well as on the pendent state-law counts, *see*

12

*Robinson Eng'g Co. Pension Plan & Tr. v. George*, 223 F.3d 445, 450 (7th Cir. 2000) (holding that a federal court can exercise personal jurisdiction over pendent state claims where it maintains personal jurisdiction over a federal claim authorizing extraterritorial service of process). The jurisdictional flaw in Plaintiff's claims against Christiana exists because this Court now has dismissed the RICO claims, not because Plaintiff made a mistake in ensuring personal jurisdiction when he originally filed suit. *Cote* thus does not require dismissal here.

Third, the District of Delaware constitutes a proper venue. As an entity incorporated in Delaware, Christiana is subject to general personal jurisdiction there. [165] at ¶ 8; [243-1] at ¶ 2; *Daimler*, 571 U.S. at 139. Moreover, because Plaintiff is a Nebraska citizen and the amount in controversy exceeds $75,000, the Delaware district court can exercise diversity jurisdiction over the case. [165] at ¶¶ 228, 236, 242, 250, 256, 260. Based upon the foregoing, this Court concludes that the interest of justice favors transferring Plaintiff's claims against Christiana to the District of Delaware. Christiana can re-raise its Rule 12(b)(6) arguments there.

### C. Transfer of Entire Case or Severance

Finally, this Court considers the disposition of Plaintiff's claims against co-Defendant Northern Trust, which has not moved to dismiss or to transfer. Where venue is improper as to some defendants and proper as to others, this Court may: (1) transfer the entire case to another district, provided venue is proper in that district for all defendants; or (2) sever the claims, retaining jurisdiction over only those defendants for whom venue is proper, and transferring the case as to those

defendants for whom venue is improper. *CCD Holdings, LLC v. Cenergy USA, Inc.*, No. 18-CV-02749, 2019 WL 10369661, at *2 (N.D. Ill. Feb. 6, 2019); *Smith v. Windy Hill Foliage, Inc.*, No. 17-CV-895-WMC, 2018 WL 1747915, at *4 (W.D. Wis. Apr. 11, 2018); *Starr Indem. & Liab. Co. v. Luckey Logistics, Inc.*, No. 116CV01377JBMJEH, 2017 WL 2466505, at *6 (C.D. Ill. June 7, 2017); *Egan v. Duell*, No. 88 C 4388, 1989 WL 36206, at *5 (N.D. Ill. Apr. 13, 1989).

This Court finds that the circumstances favor transferring the entire action. Like Christiana, Northern Trust is also incorporated in Delaware, [165] at ¶ 6, and is thus subject to general personal jurisdiction in that state. Venue would also be proper there as to both Defendants, because 28 U.S.C. § 1391 provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Most importantly, the "interest of justice analysis relates . . . to the efficient functioning of the courts." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986) (internal quotation marks omitted). Accordingly, transferring the entire case would undoubtedly promote judicial economy and avoid potentially inconsistent results from two separate cases involving the same core facts. *Cf. Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 33–34 (3d Cir. 1993) (holding that courts "should not sever if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places") (quoting *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984)).

## IV. Conclusion

For the reasons explained above, this Court grants Christiana's motion to dismiss [242] for lack of personal jurisdiction and finds that the interests of justice are served by transferring this case to the District of Delaware. The Clerk is directed to transfer this case forthwith to the United States District Court for the District of Delaware.

Dated: January 19, 2021

Entered:

John Robert Blakey
United States District Judge